1 | DAVID C. VEIS (SBN 83135)
dveis@robinskaplan.com
2 | LAURA P. NASH (SBN 136619)
lnash@robinskaplan.com
3 | ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
4 | Los Angeles, CA 90067-3283
Telephone: (310) 552-0130
5 | Facsimile: (310) 229-5800

6 | Attorneys for Defendants
Zurich American Insurance Company &
7 | Fidelity and Deposit Company of Maryland

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| CORELOGIC, INC., | Case No. 3:15-CV-03081-RS |
|---|---|
| Plaintiff, | **JOINT ADDENDUM TO STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION; [PROPOSED] ORDER** |
| vs. | |
| ZURICH AMERICAN INSURANCE COMPANY, | Judge:  Hon. Richard Seeborg |
| Defendant. | |

07725.0171/8084297.1
61222919.1

3:15-CV-03081-RS
Joint Addendum to Stipulated Protective Order; [Proposed] Order

Plaintiffs CoreLogic, Inc.; CoreLogic Default Information Services, LLC; and CoreLogic Solutions LLC (collectively, "CoreLogic"); defendants Zurich American Insurance Company ("ZAIC") and Fidelity and Deposit Company of Maryland ("F&D") (collectively, "Defendants"); and subpoenaed third party Wells Fargo Bank, N.A. ("Wells Fargo") stipulate to this addendum to the Stipulated Protective Order for Standard Litigation, entered by this Court on January 5, 2016, Docket No. [26], (hereinafter, the "SPO").  Capitalized terms used herein shall have the same definitions as in the SPO.

On May 18, 2016, F&D issued a subpoena to third party Wells Fargo requesting documents in 36 different categories in connection with the above-referenced lawsuit between CoreLogic and Defendants.  In compliance with the subpoena, Wells Fargo is currently in the process of researching its files for responsive documents.

Wells Fargo's research indicates that all or most responsive documents are confidential in nature and will qualify as Protected Material under the SPO.  Specifically, they pertain to Wells Fargo's internal business practices and decision-making processes, and/or they contain sensitive consumer financial information.

Paragraph 9(a) on page 10 of the parties' SPO provides in pertinent part that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections."  In accordance with this provision, CoreLogic, Defendants, and Wells Fargo hereby agree to the following additional protections for the documents Wells Fargo intends to produce in compliance with F&D's subpoena:

1. For all Protected Material produced by Wells Fargo, Wells Fargo stipulates that the following persons may view these documents without obtaining additional permissions from Wells Fargo:

   a. Outside Counsel of Record for Defendants and CoreLogic, as well as employees of the said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached to the SPO as Exhibit A;

        b.      the officers, directors, and employees (including House Counsel) for Defendants and CoreLogic to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached to the SPO as Exhibit A;

        c.      the Court and its personnel;

        d.      court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached to the SPO as Exhibit A.

        e.      Experts (as defined by the SPO) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached to the SPO as Exhibit A.

        f.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        g.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    2.      Other than the categories of persons set forth in Paragraph 1 above, Protected Material produced by Wells Fargo shall not be disclosed without advance written notice from the party seeking to disclose Protected Material to Wells Fargo or its counsel, provided however, that CoreLogic and Defendants shall give to counsel for Wells Fargo five (5) days' written notice by e-mail and telephone call of any intention to utilize a "Confidential" document in a deposition and identify the person who will be deposed.  Notice to Elizabeth Holt Andrews of Severson & Werson PC at eha@severson.com and 415.677.5596 shall constitute notice to Wells Fargo.

    3.      The provisions of Paragraph 8 of the SPO are hereby modified as follows, with respect to Wells Fargo's Protected Material only.  If Defendants or CoreLogic desire to use or

produce in other litigation Protected Material produced by Wells Fargo in this case, or is served with a subpoena or a court order issued in other litigation that compels disclosure of Protected Material produced by Wells Fargo in this case, that Party must:

    a.    promptly notify Wells Fargo's counsel in writing, including if applicable a copy of the subpoena or court order;

    b.    if applicable, promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to the SPO and this Addendum. Such notification shall include a copy of the SPO and this Addendum; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by Wells Fargo with respect to its Protected Material.

If Wells Fargo timely seeks a protective order in the other litigation, neither Defendants nor CoreLogic shall produce or otherwise put in the public record any information designated "CONFIDENTIAL" by Wells Fargo in this action, before the protective order is ruled upon by the relevant court, unless Wells Fargo or its counsel has provided written permission to do so. Wells Fargo shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging Defendants or CoreLogic to disobey a lawful directive from another court.

4. All protections for Non-Parties in this litigation, as listed in Paragraph 9 of the SPO, shall apply to Wells Fargo, with the modification that the 14-day period in Paragraph 9(c) shall be extended to **30 days** for Wells Fargo.

5. Should Defendants or CoreLogic choose to make a motion to file more than 25 pages of Wells Fargo's Protected Material under seal pursuant to Civil Local Rule 79-5(e), in order to give Wells Fargo the maximum possible time to comply with its obligations as a Designating Party under Civil L.R. 79-5(e)(1)–(2), the moving Party shall notify undersigned counsel for Wells Fargo of its intentions as early as possible prior to the filing of the sealing motion, and in any event no later than **7 days prior to moving to seal**. Otherwise, the provisions of Civil Local Rule 79-5 shall apply.

6. Except as provided herein, all remaining protections in the SPO shall remain in full force and effect, and shall be construed to protect CoreLogic, Defendants, and Wells Fargo in equal measure.

DATED: July 7, 2016					Respectfully submitted,

							ROBINS KAPLAN LLP


							By:   */s/ David C. Veis*
							         David C. Veis

							Attorneys for Defendants
							Zurich American Insurance Company &
							Fidelity and Deposit Company of Maryland


DATED: July 7, 2016					REED SMITH LLP


							By:   */s/ Ashley L. Shively*
							         Ashley L. Shively

							Attorneys for Plaintiffs
							CoreLogic Inc.; CoreLogic Default Information
							Services, LLC; & Corelogic Solutions LLC


DATED: July 7, 2016

							SEVERSON & WERSON
							A Professional Corporation


							By:   */s/Elizabeth Holt Andrews*
							         Elizabeth Holt Andrews

							Attorneys for Third Party
							Wells Fargo Bank, N.A.

ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: July 7, 2016                    By:  /s/ *David C. Veis*
                                            David C. Veis

IT IS SO ORDERED.

DATED: 7/14/16

_____
The Honorable Richard Seeborg
UNITED STATES DISTRICT COURT JUDGE